UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEVERLY C. TAVIERE,

    Plaintiff,

v.    Case No: 8:18-cv-1182-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Beverly C. Taviere, seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A. Procedural Background

Plaintiff filed an application for a period of disability and disability insurance benefits on July 2, 2015. (Tr. 118, 237–38.) Plaintiff also filed an application for supplemental security income on July 6, 2015. (Tr. 118, 241–48.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 142–43, 146–47, 153–54, 159–60.) Plaintiff then requested an administrative hearing. (Tr. 164–65.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 1–56.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 118–28.) Subsequently, Plaintiff requested review from the Appeals

Council, which the Appeals Council denied. (Tr. 135–37.) Plaintiff then timely filed a Complaint with this Court. (Dkt. 1) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1964, claimed disability beginning on July 1, 2014. (Tr. 118, 241.) Plaintiff has some college education. (Tr. 8.) Plaintiff's past relevant work experience included work as an employment background investigator. (Tr. 127.) Plaintiff alleged disability due to post traumatic stress disorder, insomnia, back pain, and anxiety. (Tr. 279.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since July 1, 2014, the alleged onset date. (Tr. 121.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease and osteoarthritis/allied disorders. (Tr. 121.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 123.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except she is precluded from climbing ladders, ropes, or scaffolds and remains able to no more than occasionally perform the remaining postural functions. The claimant remains able to no more than occasionally reach overhead bilaterally and can frequently reach in all other directions. The claimant can have no more than occasional exposure to vibration and workplace hazards such as unprotected heights and moving machinery.

(Tr. 124.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to

the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record. (Tr. 126.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as an employment background investigator. (Tr. 127–28.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 128.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past

relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) her counsel provided ineffective assistance of counsel; and (2) the ALJ failed to develop the record regarding Plaintiff's mental impairments; and (3) the ALJ failed to ask the VE a hypothetical that encompassed all her limitations.[1] For the reasons that follow, none of these contentions warrant reversal.

**A. Ineffective Assistance of Counsel**

Plaintiff alleges that the attorney that represented her in the administrative process provided ineffective assistance of counsel. (Dkt. 27 at 3–4.) Ineffective assistance of counsel claims arise from the United States Constitution's guarantee of effective counsel. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 684–91 (1984) (discussing the Sixth Amendment right to counsel in criminal cases). However, because the "Supreme Court has never recognized a constitutional right to counsel in Social Security proceedings," *Cornett v. Astrue*, 261 F. App'x 644, 651 (5th Cir. 2008), several courts have held that "Social Security claimants cannot claim ineffective assistance of counsel after they have hired counsel of their own choosing." *Gluchowski v. Comm'r of Soc. Sec.*, No. 8:13–cv–924–T–30MAP, 2014 WL 2916750, at *5 n.7 (M.D. Fla. June 26, 2014) (collecting cases). Accordingly, Plaintiff's claim of ineffective assistance of counsel does not warrant reversal.

---

[1] To the extent Plaintiff attempts to raise any other issues, those issues are waived for insufficient development. *See* (Dkt. 10) (ordering that "all discrete challenges must be supported by specific citation to the pages of the record relied upon when discussing the pertinent facts, medical evidence, and opinion evidence and by citation to governing legal authority that supports each challenge. Any contention for which these requirements are not met is subject to being disregarded for insufficient development and denied without further consideration"); *see also Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that while pro se briefs are read liberally, issues not properly briefed "are deemed abandoned"); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (2006) (finding an issue waived because the plaintiff "did not elaborate on this claim or provide citation to authority about this claim").

**B. Development of the Record**

Plaintiff's primary allegation is that the ALJ failed to properly develop the record regarding Plaintiff's mental impairments. (Dkt. 26 at 4–5; 41 at Dkt. 41 at 2–3.) "[T]he ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); *see* 20 C.F.R. §§ 404.1512(b)(1)(ii), 416.912(b)(1)(ii) (stating that if the claimant alleges his disability began less than 12 months before filing his application, the Commissioner will develop the claimant's complete medical history from the month the claimant alleges his disability began to the month in which the application was filed). However, "the claimant bears the burden of proving he is disabled," *Ellison*, 355 F.3d at 1276, and has a duty to provide evidence supporting his claim, 20 C.F.R. § 416.912 (a)(1) ("This duty is ongoing and requires you to disclose any additional related evidence about which you become aware.").

When the claimant is not represented at the hearing before the ALJ, which is not the case here, the ALJ's "obligation to develop a full and fair record rises to a special duty . . . to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts and to be especially diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Graham v. Apfel*, 129 F.3d 1420, 1422–23 (11th Cir. 1997) (internal citations omitted). However, even where the ALJ's obligation to develop the record rises to a special duty, "there must be a showing of prejudice before we will find that the . . . case must be remanded . . . for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). Prejudice may be shown where the ALJ has failed to elicit relevant testimony, consider all evidence in the record, or where the record contains evidentiary gaps resulting in "unfairness or clear prejudice." *Kelly v. Heckler*, 761 F.2d 1538, 1540 (11th Cir. 1985); *see Brown*, 44 F.3d at at 936

n.9 (finding that there may be unfair prejudice to a claimant where there is an evidentiary gap in the record involving recent medical treatment).

It appears that Plaintiff is arguing that the ALJ erred in failing to use a Psychiatric Review Technique Form ("PRTF") to evaluate Plaintiff's mental impairments. (Dkt. 27 at 5.) However, the Social Security regulations simply require "the ALJ to use the 'special technique' dictated by the PRTF for evaluating mental impairments" and "incorporate the results of this technique into the findings and conclusions." *Moore v. Barnhart*, 405 F.3d 1208, 1213–14 (11th Cir. 2005). To accomplish this, the ALJ may "complete a PRTF and append it to the decision, *or* incorporate its mode of analysis into his findings and conclusions." *Id.* at 1214 (emphasis added). In this case, the ALJ incorporated the PRTF mode of analysis into her decision.

The "special technique" dictated by the PRTF requires the ALJ to rate a claimant's degree of limitation in "four broad functional areas," which assess the claimant's ability to "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). Utilizing this special technique, the ALJ explained the evidence of record supporting her findings shows that Plaintiff has only mild limitations in all four functional areas. (Tr. 121–23.) Because the ALJ properly utilized the mode of analysis required by the PRTF and the Social Security regulations, Plaintiff has not shown error.

Additionally, it appears that Plaintiff is arguing that the ALJ failed to develop the record regarding Plaintiff's impairments from 1990 to 1999. (Dkt. 27 at 5.) However, it is unclear what, if any, records from that period exist and how they would be relevant to Plaintiff's alleged onset date of July 1, 2014. *See Pennington v. Comm'r of Soc. Sec.*, 652 F. App'x 862, 871–72 (11th Cir. 2016) (finding that the plaintiff failed to demonstrate prejudice where he did not "assert any

medical records actually exist for the period from 2003 to 2010 or explain how such records would be relevant to support his alleged onset date"). Plaintiff has not shown any evidentiary gaps or prejudice in the ALJ's development of the record in this case. *See Kelly*, 761 F.2d at 1540.

### C. Hypothetical

Finally, it appears that Plaintiff is arguing that the ALJ did not pose a hypothetical to the VE that accounted for the side effects of Zoloft. (Dkt. 26 at 3–4.) However, the ALJ specifically accounted for the side effects of Plaintiff's medication in limiting her to "no more than occasional exposure to vibration and workplace hazards." (Tr. 127.) Plaintiff does not challenge the ALJ's formulation of the RFC but suggests that Zoloft might cause suicidal ideation. (Dkt. 26 at 3; Dkt. 41 at 2.) But possible side effects do not show what Plaintiff actually experienced. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 938 (11th Cir. 2011) ("Mere lists of potential side effects do not establish that a claimant in fact experienced such side effects."). Plaintiff cites no evidence in the record to suggest she experienced such side effects and the ALJ is not required to include unsupported findings in the hypothetical. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Additionally, even if supported, the "hypothetical need only include 'the claimant's impairments,' not each and every symptom of the claimant." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (internal citation omitted).

Because the ALJ posed a hypothetical question to the VE which comprised all of Plaintiff's impairments, the VE's testimony constitutes substantial evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). And because the ALJ's decision is supported by substantial evidence, this Court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *see also Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *Martin v. Sullivan*, 894 F.2d 1520, 1529

(11th Cir. 1990) ("Even if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence.").

**CONCLUSION**

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**; and

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on September 3, 2019.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record